IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE )
)
v. ) ID. # 0301008114
)
KYLE ROANE )
)
Defendant. )

Submitted: November 3, 2004
Decided: January 18, 2005

On Defendant's Motion for Post Conviction Relief.
**SUMMARILY DISMISSED.**

## ORDER

Stephen M. Walther, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Kyle Roane, Smyrna, Delaware.

COOCH, J.

Upon this 18th day of January 2005, it appears to the Court that:

1. Kyle Roane ("Defendant") has filed a motion for post conviction relief from his conviction for Robbery in the First Degree. Defendant was declared an habitual offender pursuant to 11 Del. C. §4214(a) and was

sentenced by this Court on August 22, 2003 to 20 years at Level 5 for the offense of Robbery in the First Degree pursuant 11 *Del. C.* §832.

2.  Defendant filed an appeal with the Supreme Court of the State of Delaware in March 2004. Defendant raised three grounds for appeal before the Supreme Court:

(i) The trial judge erroneously admitted evidence that the robbery victim had been proscribed antibiotics after Defendant bit him during the robbery;

(ii) The jury instructions were ambiguous because they did not clearly explain that, as an alternative, Defendant could be convicted of misdemeanor theft and assault in the third degree; and

(iii) The trial judge erroneously refused to instruct the jury about the use of force in attempting to escape in accordance with *Dixon v. State*.[1] Defendant's appeal was denied on May 11, 2004. The Supreme Court held that *Dixon* was inapplicable because Defendant "did not abandon all of the property before attempting to escape;" therefore, he was using force during the commission of the crime and not in an attempt to flee.[2] The mandate

---

[1] *Dixon v. State*, 673 A.2d 1220 (Del. 1996) (holding that "[if a defendant] ha[s] abandoned the property before employing force, [then] the use of force . . . ha[s] no causal connection with [the] theft [and] [u]nder these facts, [a] conviction for robbery under the Delaware statute [would be] improper.").

[2] *Roane v. State*, 2004 Del. LEXIS 204 *5.

2

rules of this court, is thereafter barred, unless the movant shows (A) Cause for relief from the procedural default and (B) Prejudice from violation of the movant's rights."[8] This Court has held that "[when a] claim [is] not raised in Defendant's direct appeal [t] the Delaware Supreme Court] it is procedurally barred pursuant to Rule 61(i)(3)."[9]

5. Defendant's first ground for relief, that trial counsel was ineffective because he failed to investigate the victim's prior inconsistent "testimony," is without merit. Trial counsel has averred that no "prior testimony" existed with which to impeach or otherwise confront a witness.[10] Defendant clarifies this claim by stating that "[i]nstead of the term 'testimony,' defendant meant 'statement' in reference to counsel's investigation of victim['s] prior inconsistencies."[11] However, trial counsel avers that he did "explore the inconsistencies between the victim's testimony and what the victim told the investigating officer." Trial counsel chose, for tactical reasons, to question the inconsistencies in the victim's statements during

---

[8] Super. Ct. Crim. R. 61(i)(3).

[9] *State v. Kendall*, 2001 Del. Super. LEXIS 131 * 8.

[10] Affidavit of Brian J. Bartley, Esquire at ¶ 25 (hereinafter "Affidavit at ¶ _.").

[11] Defendant's Supplemental Memorandum Reply at 3 (hereinafter "Def's Supp. Reply at _.").

counsel's cross-examination of the chief investigating officer.[12] Defendant has failed to show that "his attorney's representation fell below an objective standard of reasonableness and that but for counsels unprofessional errors the outcome of the trial would have been different."[13] Defendant has made a conclusory allegation of ineffective assistance of counsel but has failed to "substantiate those allegations by showing actual prejudice."[14] Ground one for post conviction relief is **SUMMARILY DISMISSED**.

6.  Defendant's second and third grounds for post conviction relief, that trial counsel was ineffective because he failed to obtain medical records and failed to investigate why no medical records were offered at trial, is without merit. Trial counsel avers that he did not introduce medical records at trial, nor "investigate" why files were not offered as evidence because under 10 *Del. C.* §832, Robbery in the First Degree, only requires a showing of physical injury and not a specific degree of injury.[15] Expert testimony in the form of medical records is not required to show that a victim has sustained injury; a victim's testimony about the extent of his or her injuries is

---

[12] Affidavit at ¶ 26.

[13] *Strickland v. Washington*, 466 U.S. 668 (1984).

[14] *Gattis v. State*, 697 A.2d 1174, 1178-79 (Del. 1997).

[15] Affidavit at ¶ 21.

6

from the Supreme Court was filed on May 27, 2004. Defendant filed the current motion on June 22, 2004.

3. Defendant makes numerous claims as grounds for relief; however, to the extent this Court can understand the claims, Defendant is essentially claiming ineffective assistance of counsel at trial as his basis for post conviction relief. As support for his claim, Defendant contends that trial counsel (i) failed to investigate the victim's prior inconsistent "testimony," (ii) failed to obtain medical records, (iii) failed to investigate why no medical records were offered at trial, (iv) failed to subpoena a witness after Defendant informed trial counsel that said witness would be a favorable witness, and (v) failed to object to Defendant's sentencing as an habitual offender on the grounds that Defendant's 1988 conviction was for simple possession rather that possession with intent to deliver.

In order to prevail on an ineffective assistance of counsel claim, Defendant must show that his attorney's representation fell below an objective standard of reasonableness and that but for counsel's unprofessional errors, the outcome of the trial would have been different.[3] The defendant must make concrete allegations of ineffectiveness and

---

[3] *Strickland v. Washington*, 466 U.S. 668 (1984).

3

substantiate those allegations by showing actual prejudice or risk summary dismissal.[4] There is a strong presumption that the defense counsel's conduct was professionally reasonable.[5]

4. Before addressing the merits of any claim raised in a motion seeking postconviction relief, the Court must first apply the rules governing the procedural requirements of Super. Ct. Crim. R. 61.[6] Rule 61(i)(1) provides that "[a] motion for postconviction relief may not be filed more than three years after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than three years after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court."[7] This Court finds that Defendant has met the requirements of Rule 61(i)(1) by filing his motion for post conviction relief within three years of his conviction becoming final.

Rule 61(i)(3) states that "[a]ny ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the

---

[4] *Gattis v. State*, 697 A.2d 1174, 1178-79 (Del. 1997).

[5] *Strickland v. Washington*, 466 U.S. at 689.

[6] *Bailey v. State*, Del. Supr., 588 A.2d 1121, 1127 (1991); *Younger v. State*, Del. Supr., 580 A.2d 552, 554 (1990) (citing *Harris v. Reed*, 489 U.S. 255, 265 (1989)).

[7] Super. Ct. Crim. R. 61(i)(1).

sufficient to sustain a conviction for robbery in the first degree.[16] Defendant has made conclusory allegations of ineffective assistance of counsel but has failed to "substantiate those allegations by showing actual prejudice."[17] Grounds two and three for post conviction relief are **SUMMARILY DISMISSED**.

7.  Defendant's fourth ground for post conviction relief, that trial counsel was ineffective because he failed to subpoena a witness that Defendant believed would provide favorable testimony, is without merit. Trial counsel avers that he is "unaware of any potentially favorable defense witness and the identity of such witness."[18] The State contends that "[i]t is unclear how calling any potential defense witness would have advanced the defense's theory that defendant's conduct did not constitute robbery."[19] Defendant claims that the witness (who is not named by Defendant) could testify as to the "excessive force used by the victim" in detaining Defendant.[20]

---

[16] *Snowden v. State*, 1995 Del. LEXIS 290 * 6 (holding that "the State was [not] required to provide expert testimony to prove that the victim suffered injury in order to support the claim of first degree robbery" because "the victim's testimony concerning the extent of her physical injuries was sufficient by itself to sustain [the defendant's] conviction for first degree robbery.").

[17] *Gattis v. State*, 697 A.2d 1174, 1178-79 (Del. 1997).

[18] Affidavit at ¶ 22.

[19] State's Response at 4.

[20] Def's Supp. Reply at Ground IV.

Defendant further argues that "without the excessive force used it's a strong possibility victim wouldn't of [sic] received injury."[21] Defendant's claim has no legal basis; the force used by the victim is irrelevant to the elements of the crime of robbery. Defendant was still in the process of the robbery and had no legal right to use force.[22] Defendant has made a conclusory allegation of ineffective assistance of counsel but has failed to "substantiate those allegations by showing actual prejudice."[23] Ground four for post conviction relief is **SUMMARILY DISMISSED**.

8.     Defendant's fifth ground for post conviction relief, that trial counsel failed to object to Defendant's sentencing as an habitual offender on the grounds that Defendant's 1988 conviction was for simple possession rather that possession with intent to deliver, is without merit. Trial counsel agrees with Defendant that Defendant's 1988 conviction was a misdemeanor conviction for simple possession and not possession with intent to deliver. Trial counsel further conceded that he was mistaken as to the misdemeanor nature of Defendant's 1988 conviction at sentencing. However, trial counsel

---

[21] Def's Supp. Reply at Ground IV.

[22] This argument is a variation of Defendant's *Dixon* argument that he made on direct appeal. The Supreme Court held that Defendant was still engaged in the robbery when he used physical force on the victim thereby negating a *Dixon* instruction to the jury.

[23] *Gattis v. State*, 697 A.2d 1174, 1178-79 (Del. 1997).

8

contends that his misapprehension about the 1988 conviction and any "failure" to object to Defendant's status as an habitual offender is inconsequential as Defendant had four additional convictions that were felonies and that Defendant had already been declared a habitual offender by the Court in 2000.[24] Defendant has made a conclusory allegation of ineffective assistance of counsel but has failed to "substantiate those allegations by showing actual prejudice."[25] Ground five for post conviction relief is **SUMMARILY DISMISSED.**

For the foregoing reasons, Defendant's motion for post conviction relief is **SUMMARILY DISMISSED.**

**IT IS SO ORDERED.**

*[signature]*

oc:  Prothonotary
cc:  Brian J. Bartley, Esquire
     Investigative Services

---

[24] Affidavit at ¶ 15-17. Under 11 *Del. C.* §4214(a), "[a]ny person who has been 3 times convicted of a felony . . . and who shall thereafter be convicted of a subsequent felony of this State is declared to be an habitual criminal."

[25] *Gattis v. State*, 697 A.2d 1174, 1178-79 (Del. 1997).

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| KYLE ROANE, | § |
| | § |
| | § |
| Defendant Below- | § No. 45, 2005 |
| Appellant, | § |
| | § |
| | § |
| v. | § Court Below—Superior Court |
| | § of the State of Delaware, |
| STATE OF DELAWARE, | § in and for New Castle County |
| | § Cr. ID 0301008114 |
| Plaintiff Below- | § |
| Appellee. | § |

Submitted: June 17, 2005
Decided:  August 12, 2005

Before **STEELE**, Chief Justice, **HOLLAND** and **BERGER**, Justices.

## ORDER

This 12th day of August 2005, after considering the parties' briefs and the record below, it appears to the Court that:

(1) The appellant, Kyle Roane, filed this appeal from the Superior Court's denial of his first motion for postconviction relief. We find no merit to the issues Roane raises on appeal. Accordingly, we affirm the Superior Court's judgment.

(2) The record reflects that a Superior Court jury convicted Roane in July 2003 of Robbery in the First Degree. The Superior Court sentenced Roane as an habitual offender to twenty years imprisonment. This Court

affirmed Roane's conviction and sentence on direct appeal.[1] In June 2004, Roane filed his first motion for postconviction relief. After full briefing, including an affidavit from Roane's trial counsel, the Superior Court summarily rejected Roane's motion. This appeal followed.

(3) Roane raises three issues in his opening brief on appeal.[2] First, Roane asserts that his trial counsel was ineffective for failing to investigate a prior inconsistent witness statement and for failing to bring the inconsistency to the jury's attention. Second, Roane asserts that his trial counsel was ineffective for failing to object to an allegedly "fraudulent predicate felony," which the Superior Court improperly relied on in sentencing Roane as an habitual offender. Third, Roane argues that the Superior Court committed reversible error in failing to give a proposed *Dixon*[3] instruction.

(4) In order to establish a claim of ineffective assistance of counsel, a defendant must show: (a) counsel's representation fell below an objective standard of reasonableness; and (b) there is a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would

---

[1] *Roane v. State*, 2004 WL 1097692 (Del. Supr.).

[2] To the extent that Roane's postconviction motion raised additional claims not briefed on appeal, those claims have been waived. *See Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993).

[3] *See Dixon v. State*, 673 A.2d 1220, 1224-25 (Del. 1996) (holding that a person who uses no force to obtain property and who, after abandoning the property, uses force in an attempt to flee, has not committed the crime of robbery).

have been different.[4]  There is a strong presumption that counsel's representation was professionally reasonable.[5]

(5)  Roane first asserts that his trial counsel was ineffective for failing to investigate and challenge at trial the prior inconsistent statement made by witness Christopher White to the police. Roane did not raise a claim concerning Christopher White's statement in his postconviction motion. To the extent Roane is now raising a new claim, that claim is barred from review because it was not presented to the Superior Court in the first instance.[6]

(6)  To the extent Roane's ineffectiveness claim relates to the victim Jim Casula's statement to police,[7] we find no merit to Roane's contention. As the Superior Court found, defense counsel was aware of the inconsistencies in the victim's prior statement and made a tactical decision to challenge those inconsistencies during the cross-examination of the investigating officer. In his affidavit, counsel stated that he chose that strategy because he believed that the victim might be able to "more credibly

---

[4] *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

[5] *Flamer v. State*, 585 A.2d 736, 753-54 (Del. 1990).

[6] Del. Supr. Ct. R. 8.

[7] In his postconviction motion, Roane argued that defense counsel was ineffective for failing to uncover and challenge inconsistencies in "the victim's" statement to police. The Superior Court interpreted "the victim" to mean Jim Casula, the store clerk whom Roane bit during the course of the robbery.

explain away such inconsistencies." The Superior Court concluded that Roane had failed to establish that his counsel's strategy fell below an objective standard of reasonableness. We agree. Accordingly, we find no merit to Roane's first claim.

(7) Roane's second claim is that his trial counsel was ineffective for failing to object to Roane's sentencing as an habitual offender on the ground that Roane's 1998 conviction was for simple possession rather than possession with intent to deliver. In his affidavit, defense counsel concedes that he was unaware at sentencing that Roane's 1998 conviction was a misdemeanor and not a felony. Counsel points out, however, that, even without considering the 1998 conviction, Roane had the requisite prior felony convictions to be declared an habitual offender. In fact, the Superior Court previously had declared Roane to be an habitual offender in 2000. Accordingly, the Superior Court found that counsel's error notwithstanding, Roane had failed to establish prejudice from his counsel's mistake. We agree. Accordingly, we reject Roane's second claim of ineffective assistance of counsel.

(8) Roane's final argument on appeal is that the Superior Court erred in failing to grant defense counsel's request for a *Dixon*[8] instruction.

---

[8] *Dixon v. State*, 673 A.2d 1220, 1226-28 (Del. 1996).

4

Defense counsel requested the Superior Court to instruct the jury that a person is not guilty of robbery if the person uses no force to obtain property, abandons the property, then uses force in an attempt to flee. At trial, the Superior Court concluded that the evidence did not warrant such an instruction because Roane did not abandon all of the stolen property. This Court affirmed that ruling on direct appeal. Accordingly, this final claim is procedurally barred under Superior Court Criminal Rule 61(i)(4) because it was previously adjudicated.[9]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Randy J. Holland
Justice

---

[9] *Skinner v. State*, 607 A.2d 1170, 1172 (Del. 1992).