Petitioner Under 28 U.S.C. § 2254 for Writ Of Habeas Corpus By A Person In State Custody

Kyle Roane
Defendant-Below,
Petitioner

V.

Carroll et Al
Delaware Correctional Center
Plaintiff-Below,
Respondent

Cr. 1:05-cv-654 JJF

For Writ Of Habeas Corpus
By A Person In State Custody

Petitioners Brief

FILED

OCT - 4 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Kyle Roane
Movant
Delaware Correctional Center
1181 Paddock Road.
Smyrna, Del. 19977

Date: Sept 27, 2005

# Table Of Contents

Table Of Citations...
Nature And Stage Of The Proceedings...
Summary Of The Argument...
Statement Of Facts...
Argument...

## 1  Ineffective Assistance Of Counsel

Counsel failed to investigate prior inconsistent statement, counsel failed to bring inconsistencies to attention of jury. Statement made at police initial interview, versus testimony given at trial...

## 11. Ineffective Assistance Of Counsel

Counsel failed to object to Defendant being sentenced under a fraudulent predicate felony...

## 111. The trial court committed Reversible error in Refusing to Give Defendant proposed Dixon instruction...

## Conclusion...

Ex. A: Police Affidavit, letter's to counsel, counsels Opening & Reply brief...

Ex. B: Counsels Affidavit, sentencing transcripts...

Ex. C: Trial transcripts of Victim/Witness, trial court refusal of Dixon instruction...

# Table Of Citations

Strickland v. Washington, 466 U.S. 668 (1984)...6,

Nixon v. Newsome, 888 F.2d 112 (11th Cir 1989)...6,11,

U.S. ex rel. McCall v. O'Grady, 714 F. Supp. 374 (n.D.Ill 1989)...6,

United States v. Tucker, 716 F.2d 576 (9th Cir 1983)...6,

Martinez-Macias v. Collins, 810 F. Supp. 782 (W.D. Tex 1991)...6,

Williams v. Washington, 59 F.3d 673 (7th Cir 1995)...6,

Auman v. United States, 67 F.3d 157, 160 (8th Cir 1995)...12,13,

Morales v. State Del. Supr. 696 A.2d 390 (1997)...12,14,

Anderson v. United States, 25 F.3d 704, 706 (8th Cir 1994)...12,13,

United States v. Ford, 918 F.2d 1343, 1350 (8th Cir 1990)...12,

United States v. Doubleday, 804 F.2d 1091, 2095 (9th Cir 1986)...15,16,

United States v. Polizzi, 801 F.2d 1543, 1549 (9th Cir 1986)...15,

United States v. Winn, 577 F.2d 86, 90 (9th Cir 1978)...15,

United States v. Falsia, 724 F.2d 1339, 1342 (9th Cir 1983)...15,

United States v. Noah, 475 F.2d 688, 697 (9th Cir)...15,

Dixon v. State, 673, A.2d 1220 (Del. 1996)...6,15,

Waters v. State, 443 A.2d 500, 506 (1982)...11,

Statutes

Del. Code Ann. tit. 11. 4214 (A)...14,

U.S.C.A. Const Amend. 6. 28 U.S.C.A. 2255. U.S.S.G. 4B1

18 U.S.C.A. ...6,12,

U.S.C.A. Const. Amend. 6. ... 6,12,

## Nature And Stage Of The Proceedings

On January 13, 2003, Kyle Roane was arrest and subsequently charged with first degree robbery and possession of drug paraphernalia.

The State entered a nolle prosequi as to the drug paraphernalia charge. On July 9, 2003, a Superior Court jury found Roane guilty of first degree robbery. The State moved to have Roane declared an habitual offender. On August 22, 2003, after granting the State's motion, Superior Court sentenced Roane to (20) twenty years imprisonment. Roane's conviction and sentenced were affirmed on appeal.

Roane V. State, 2004 WL 1097692 (Del. Supr. May 11, 2004)

On June 22, 2004, Roane applied pro se for post conviction relief under Superior Court Criminal Rule 61. Superior Court denied Roane's motion on January 10, 2005, and this, the motion to Supreme Court filed on April 10, 2005, was denied on August 12, 2005, and this issue ensued.

# SUMMARY OF ARGUMENT

1. Ineffective Assistance Of Counsel
   Counsel failed to investigate prior inconsistent statement, counsel failed to bring inconsistencies to attention of jury. Statement made At police initial interview, versus testimony given At trial.

11. Ineffective Assistance Of Counsel
    Counsel failed to object to Defendant being sentenced under a fraudulent predicate felony.

111. The trial court committed Reversible Error in Refusing to Give Defendant proposed Dixon instruction.

# Statement Of Facts

On January 13, 2003, [Kyle] Roane Attempted to shoplifting several items of clothing from the Dollar General Store in Ellsmere, Delaware. While a store employee held the door closed to prevent Roane from leaving, Another employee called the police. Roane Attempted to push the door open And, in the process, several of the items he was trying to shoplifting fell out from under his jacket. Roane then pushed one of the employees, and a struggle ensued. James Casula, Another employee, tried to subdue Roane by pulling Roane's jacket over his head and face. Christopher White who was also involved in the struggle, took Roane down by grabing his leg's. In that instant process of Roane's Attempt to leave the store, he struggled with the door with James Casula. While falling, Casula's hands were caught in the door. When the police Arrived, Roane was patted down and taken into custody. Casula opted medical Attention.

1. Ineffective Assistance of Counsel
Counsel failed to investigate prior inconsistent
statement, counsel also failed to bring inconsistencies
to attention of jury. Statement made at police
officers initial interview versus testimony given
at trial.

Standard and Scope of Review
Counsel failed to Develop and Investigate into
witness Christopher White prior statement in
officers Affidavit. Failure to impeach eyewitness
inconsistent testimony, is sufficient grounds for
ineffective assistance of counsel.

Nixon V. Newsome, 888, F.2d 112 (11th Cir 1989)
U.S. Ex. Rel. McCall V. O'Grady, 714 F. Supp. 374 (N.D. Ill 1989)
United States V. Tucker, 716 F. 2d 576 (9th Cir 1983)
Martinez-Macias V. Collins, 810 F. Supp. 782 (W.D. Tex 1991)
Williams V. Washington, 59 F. 3d 673 (7th Cir 1995)

Argument
Counsel failed to Develop and Investigate into
witness Christopher White prior statement given
to officer. [Ex, A: 20]

Defendant now advances his claim of counsel
ineffectiveness based on counsels inadequate
performance due to his failure to investigate and
develop mitigating evidence that would support defense
theory of the proposed Dixon instruction.

Dixon V. State, 673 A. 2d 1220 (1996)
Holding that a person who uses no force to obtain
property and who, after abandoning the

(10)

property, uses force in an attempt to flee,
has not committed the crime of Robbery.
Accordingly, Defendant state that his claim must
be evaluated by the standard set fourth in
Strickland, supra, especially where, as in hand,
there is a reasonable probability, which is a
probability sufficient to undermine confidence
in the outcome in Defendants sentence that, but
for counsel unprofessional error the results
of the Defendant sentenced would of been
different.

Here, Defendant contends that before trial,
during the prayer conference and after trial
was completed, counsel was asked to investigate
certain mitigating evidence with regards of the
inconsistent testimony given, witness Christopher
White prior statement and officer Tenebruso
Police Affidavit. [24x, A: Pages 21, 22 } 23] [24x, C: 35 } 36 [Sec 92 } 93]
[24x, A: Page 23]


In order to counteract any influence the
court may have had in light of Defendant case,
counsel made virtually no investigation. The
States version of the events in question are
essentially the only version that was presented
to the jury and court, leading to a "Breakdown"
in the adversarial process that our system
counts on to produce just results. It
deprived Defendant of virtually any chance
of acquittal, the Dixon instruction and the

(7)

lesser included offenses of Assault Third, And Theft Mis.

Had counsel done so, he could of provided the jury with another option to choose from. If given the jury could have chosen from the police Affidavit, And the prior statements of the officer's and witness Christopher White, developing a theory supporting the "fact" that Defendant was not in possession of "Any" "Merchandise" before employing force to effect an escape. The jury could have found from Christopher White (witness) prior statement, coupled with officer Tenebruso police Affidavit And account of the interview that the police used upon JAMES Casulla was not an intent to compel JAMES Casulla to deliver up property As indicted.

Even though officer Tenebruso was not questioned At trial About Defendants possession of the Blue Jeans, he did offer a statement in his investigative report, that was available for support of defenses theory.

[Eex, A: Page 20]

[Eex, A: Page 20]
Statement given At Officers interview (Witness)
(Christopher White)
PC2 Advised that As a result of the struggle, All

(8)

Of the unpaid items fell out from under D1's jacket near the exit, the items included 4 men's T-shirts valued at #5.00 each, "1 Pair of Blue Jeans" valued at #10.00, ect...

Officer Tenebizuso statement given:
The search of D1 revealed drug paraphernalia consisting of 1 glass pipe (tube), also known as a crack pipe. The crack was found in the left front zipper pocket of D1's winter jacket.
[20A: Page 20]
It's odd how the account given by victim/witness was that the "Blue Jeans" were taken from Defendant's sleeve of his jacket, but beared no fruit as _fact_ from the Officer account of the incident.

Based on the results of the proceedings, you can also find that counsel's performance was so inadequate, that even in his opening and reply briefs counsel's efforts in developing support for defenses theory was indeed frivolous to the cause.
Counsel's response was no where near being conducive to our theory, counsel told the court that the inconsistencies Defendant informed him of was on record, and would be on "Appeal" if Supreme Court would consider it.
[20A, C: Pages 35 & 36/Sections 92 & 93]

(9)

Counsel's Opening Brief, ; Reply Brief
Statement:

Defendant was "Mistaken" in his Assertion
that he had Abandon All the Merchandise
he had Attempted to shoplift for when the
police searched Defendant jacket, they found
a $10.00 pair of jeans stuck in one of the
sleeves. (Opening Brief)

[Exx, A: Page 24]

Defendant was no longer in possession of
Any Merchandise with the exception of a
single "Pair Of Blue Jeans". (Reply Brief)
It's obvious why Defendant's instruction
wasn't Accepted At trial or the Appellate
level, it's clear no support of the Dixon theory
was Offered At All.

[Exx, A: Page 25]

Defendant contend that it is "Clear" that
counsel inadequate performance of his duty
to investigate and develop Tangible Mitigating
evidence, which constitutes a neglect of a legal
obligation entrusted in him, due to his failure to
substantially investigate and develop Mitigating
evidence regarding Defendants innocents.

Defendant further contends that with the
evidence cited here within these claims,
Assesses the potential strength of the Mitigating
evidence Available to him and to intergrate them
in his defense.

(10)

However, counsel failure to investigate and develop mitigating evidence, counsel failures, deficient performance substantially prejudice Defendants outcome, and deprived him of the opportunity to present relevant documentations and statements to the court and jury. Under such circumstances, Defendant maintains that had his counsel investigated and developed mitigating evidence for support of defense theory, there would of been significant chance that after weighing the mitigating evidence, circumstances would not had warrented the felony imposed upon Defendants sentence. Therefor, Defendant argues that counsel Representation fell below an objective standard of reasonableness, and there is a reasonable probability that, but for counsel error the result of Defendant sentence would of been different.

Counsel ineffectiveness not submitting and developing mitigating evidence to support defenses theory constitutes a reversal of conviction or a modification of sentence to the lesser included offenses of Assault Third and Theft Mis/Shoplifting.

(Waters. V. State; 443, A.2d. 500, 506 (1982)

Also counsel failure to impeach eyewitness testimony is sufficient grounds for ineffective assistance of counsel. Nixon V. Newsome, 888 F.2d. 112 (11th Cir 1989)

(11)

11.

## Ineffective Assistance Of Counsel

Counsel failed to object to Defendant being sentenced under a fraudulent predicat felony.

## Standard And Scope Of Review

Counsel had not objected to use of prior conviction As predicate offense.

Aumans v. United States, 47 F.3d 157,160, (8th Cir 1995)

Strickland V. Washington, 466 U.S. 668 (1984)

Morales V. State Del. Supr. 696 A.2d 390 (1997)

Anderson V. United States, 25 F.3d 704,706 (8th Cir 1994)

United States V. Gord, 918 F.2d 1343,1356 (8th Cir 1990)

## Argument

Counsel failed to object to A fraudulent felony in which the State charged in it's 2003 Motion to declare Defendant a Habitual Offender.

When considering Habitual Offender status involving any prior felony conviction, prosecution must provide the court with the underlying indictment or information, but also the text of the Guilty plea, in order to determine whether Defendant was charged with conduct that would establish felony conviction.

Morales V. State Del. Supr. 696 A.2d 390 (1997)

The evidence provided to establish Defendant's Habitual Offender status was not sufficient enough evidence to establish Defendant was eligible to be sentenced As an Habitual Offender

Under 11 Del. Code 4214 (A)

To eliminate the distorting effects of "Hindsight" we must evaluate the FACTS set fourth by the State in it's 2003 motion to declare Kyle Boone (Defendant) An Habitual Offender.

Defendant Argues that he Received ineffective Assistance of counsel because trial counsel did not object to the use of the 1988 conviction As A predicate offense for Habitual Offender, Defendant uses the fact that counsel had not objected to the use of A prior conviction As A predicate offense As basis to Allege independent claim for ineffective Assistance of counsel At his sentencing.

Altman's V. United States 47 F.3d 157, 160 (8th Cir 1995)

Defendant trial counsel failure to object At sentencing hearing to base offense level was equivalent to Defendant having no trial counsel At All, which deprived Defendant of fair Assistance.

Anderson V. united States, 25 F.3d 704, 706 (8th Cir 1994)

Specific "Act's And "Omissions" of Defendant's counsel distinguishes counsel's ineffectiveness. Based on counsel Affidavit, counsel Own Omission of the fact fulfills Defendant's

(13)

Claim for ineffectiveness. The following
is counsels statement of his Affidavit.

Due to my misapprehension as to the nature
of the 1989 conviction, I never considered
Whether to challenge Defendant sentencing as
as Habitual Offender At either trial or Appellate
level on the Ground that one of the predicate
convictions cited by the State in the August
2003 motion to declare Kyle Roane an Habitual
Offender was in fact A Misdemeanor conviction.
To the contrary, At sentencing I erroneously
conceded that the 1989 conviction constituted
one of the three (3) predicate felonies necessary
for sentencing pursuant to 11 Del. Code Sec.
4214(A). [Cox,B: Pages 27 $ 28]

The determination by trial court that
Defendant is a Habitual Offender must
be supported by substantial evidence
in specific record and free of legal error
and Abuse of discretion.
Morales V. State Del. Supr. 696 A.2d 390(1997)

**III.** THE TRIAL COURT COMMITTED REVERSIBLE ERROR REFUSING TO GIVE DEFENDANT PROPOSED DIXON INSTRUCTION.

Standard And Scope Of Review

TRIAL COURT MUST GIVE AN INSTRUCTION REGARDING ANY LEGITIMATE THEORY OF defense that is supported by evidence, AND A FAILURE to do so is REVERSIBLE ERROR. United States V. Polizzi, 801 F. 2d 1543, 1549 (9th Cir. 1986).

United States V. Winn, 577 F. 2d 86, 90 (4th Cir. 1978)

United States V. FALSIA, 724 F. 2d 1339, 1342 (4th Cir. 1983)

United States V. Noah, 475 F. 2d 688, 697 (4th Cir.)

Dixon V. State, 673, A. 2d 1220 (Del. 1996)

Argument

Defense submitted the PROPOSAL of the Dixon instruction At PRAYER conference And requested it be Given in conjunction with trial court's instruction on First Degree Robbery 11 Del. 832. Dixon V. State, 673, A. 2d. 1220 (Del. 1996)

The text PROPOSED instruction READS:

However, use of FORCE in Attempt to escape After Abandoning stolen PROPERTY does not constitute Robbery even though the use of such FORCE MAY constitute Another CRIME such As Assault or Offensive Touching.

A Defendant is entitled to An instruction concerning his theory of the CASE if the theory is legally sound And evidence in the CASE MAKES

(15)

Applicable, even if the evidence is <u>Weak</u>, <u>Insufficient</u>, <u>Inconsistent</u>, or of <u>Doubtful</u> credibility. United States V. Doubleday, 804 F.2d 1091, 1095, (4th Cir. 1986)

The proposed theory was to explain the context of the particular case (Dixon) The central defense contention was that the Defendant did not commit the indicted charge of Robbery which reads in pertinent part that: Kyle Roane...did when in the course of committing theft, use-force upon James Casula with intent to compel James Casula to deliver up property consisting of store merchandise.

Instead, defense theory was that Defendant did not use force upon James Casula to over-come his resistance to the taking of property but rather to effect an escape after having been stopped for shoplifting.

However, the State opposed the requested Dixon instruction and the trial court agreed completely with the State's position stating: I agree completely with the State's position that there has been "<u>no evidence</u>" of abandonment of stolen property in this case. The "<u>uncontradicted</u>" "testimony" is that the stolen property remained on the Defendant's person up until the very moment that he was finally subdued.

(16)

Based on the following testimony of the Victim/Witness, testimony supported defenses theory. Testimony was "Contradictive", but the most consistent testimony and statement was Defendant was not in possession of "Any" merchandise at the time James Casula was injured. [Ex.C: Page 31, sec] __ [91392]

James Casula testimony on Direct:
Q. Now, After the Defendant was taken from the store, did you have a occasion to observe the items that were on the floor that "fell out" On His Jacket"? A. They were all over the floor, yes, sir, I did. Q. All right, and did you make note of the items that had "fallen from" "His Jacket Onto The Floor"? A. Yes, sir. Q. And were those items marked as merchandise from the Dollar General Store? A. Yes. Q. And what items "fell out His Jacket Onto The Floor"? A. O-kay we got... Men's T-Shirts, O-kay valued at $24. We got "Blue Jeans" valued at $10ect...

[Ex.C: Page 32 / Sec 27]

Christopher White testimony on Direct:
A. Well, At the time that's when he went to go push it, All the stuff fell out that he "Had In" "His Jacket". And at that time he gave my Assistant a little shove, so I put, I think I put My Arm Around him, I can't Remember. "And I Called Jim Casula."

(17)

[Eix, C: Page 33 / sec 55]

Christopher White testimony on Cross
A. Well, I don't know what kind of push
it was, but I know as he was trying to
struggle to get the door open is when the
merchandise <u>fell out</u>. And it wasn't, it wasn't
much longer after I got up there and held on to
the door "<u>It had all came out.</u>"
[Eix, C: Page 34/sec 58]

Q. And the merchandise had fallen out, and the
defendant adopted a different stance, hey, look,
you got the merchandise, just let me get out of
the store? A. "<u>Yes</u>." [Eix, C: Page 34/sec 59]

The state also requested that this be
marked as state's Exhibit 1, and without
objection, marked it as State's Exhibit no.1.
[Eix, C: Page 34/sec 57]

By manipulation, prosecution intimidated
the term "Abandon" to fulfill the states theory.
After a review of Webster's definition, it is
clear that the term "Abandon" did fit the
Defendant's theory.
"Abandon: 1. To go away from (a person)
(or thing, or place) without intending to return.
2. To forsake entirely, to desert.
(18)

# Conclusion

For all the reasons cited herein the Defendant respectfully requests that his judgment of conviction for the offense of Robbery First Degree be modified to a judgment of guilt for the lesser included offenses of Assault Third and Misdemeanor Theft or vacated and reversed for a new trial.

Respectfully Submitted

Kyle Roane

Kyle Roane
Movant

## Certificate of Service

I, ___Kyle Boane___, hereby certify that I have served a true
and correct cop(ies) of the attached: ___Brief___

_____ upon the following

parties/person (s):

TO: ___Clerk, U.S. District Court___
___844 N. King Street___
___Wilmington,___
___Delaware.___
___19801___

TO: _____
_____
_____
_____
_____
_____

TO: _____
_____
_____
_____
_____

TO: _____
_____
_____
_____
_____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE  19977.

On this ___27th___ day of ___September___, 200
___5 (five)___



U.S.M.
X-RAY

LEGAL MAIL

I/M Hyter Boare
SBI# 230352 UNIT 17B-11
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Office of the Clerk, United States District Court
Federal Court Bld.
844 N. King St., Lockbox 18
Wilmington,
DELAWARE
19801-3570