State of Delaware vs. KYLE L. ROANE Case: 03 01 008114

description and full registration of the vehicle. PC1 advised the car was maroon or purple in color with registration number EJJ0027. PC1 proceeded to write the vehicle registration in the palm of her left hand.

Upon my arrival at the Dollar General I made contact with PC2, Chris White WMN ⎕ ⎕ /69. PC2 is an employee of the Dollar General store and was working at the time of the robbery. PC2 stated he helped V1 restrain D1 at the front of the store until the police arrived. PC2 stated D1 kept trying to leave the establishment. PC2 advised that as a result of the struggle, all of the unpaid items fell out from under D1"s jacket near the exit. The items included 4 packages of men"s T-shirts valued at $5.00 each, 1 pair of blue jeans valued at $10.00, 4 packages of men"s boxer shorts valued at $6.00 each, and 5 packages of men"s boxer shorts valued at $5.00 each.

INVESTIGATIVE ACTIONS:

On the above date and time I responded to the Dollar General at 2400 Kirkwood Highway, Wilmington, Delaware in reference to a robbery in progress. Recom advised store employees were attempting to restrain a shoplifter who was being combative. Prior to my arrival Capt. Papilli responded to the location and secured D1 (Roane, Kyle BMN ⎕ ⎕ /70). D2 attempted to flee the scene in her vehicle when she noticed police activity. D2 was driving a maroon Honda Accord with registration EJJ0027. D2 was apprehended by Cpl. Hawk approximately three blocks from the Dollar General and transported to Troop 6 for processing (see supplement by Cpl. Hawk for details). I obtained RP"s and PC1"s and PC2"s information and interviewed same. V1 and both PC"s provided statements regarding the robbery (refer to V1 statements and PC statements).

D1 and D2 were searched at Troop 6. The search of D1 revealed drug paraphernalia consisting of 1 glass tube, also known as a crack pipe. The crack pipe was found in the left front zipper pocket of D1"s winter jacket. The search of D2 revealed drug paraphernalia consisting of 1 glass tube, also known as a crack pipe. The crack pipe was found in the left inside coat pocket of D2.

PC1 appeared to suffer minor injuries while D1 struggled to leave the store. PC1 had cuts on his right forearm, right middle knuckle, and his left middle knuckle. PC1 bandaged the cuts himself at the scene and refused medical treatment.

Affiant: TPR TENEBRUSO (3432) of TROOP 6 STATE POLICE

| Victims: | Date of Birth | Relationship Victim to Defendant |
|---|---|---|
| JAMES CASULA | 945 | Stranger |
| SOCIETY/PUBLIC | | Victimless Crime |
| JAMES CASULA | | Victimless Crime |

_____
Affiant

Sworn and subscribed before me this 13th day of January AD, 2003

_____
Judge/Master/Commissioner/Court Official

Ex. A (20)

RECEIVED
FEB 2 7 2003
BY:_____

Grounds

Dixon V. State)
Itexas
XL. SUPR 673
.2d 1230 (1996)
V
Law

In sufficient evidence to support the conviction of Robbery under the terms of Delaware statute. State failed to present any evidence that I used force to Take or Retain possession of property.

The use of force in an attempt to escape after an attempt Thief without the victims property, Does not constitute Robbery. (Mind you there's nothing in the discovery saying or implementi (use of having the property while or during the struggle, be (cause I had none)

Del. C. 832

In order to establish Robbery it must be shown that I used or Threatened force as means to take property of victim, and use of force in attempt to escape with property of another constitute Robbery.

Model
Criminal Code

It does not authorize conviction of Robbery where there is no proof that the defendant used force to Obtain stolen property and the defendant does not have possession of the stolen property when using force soley to effect an escape.

It says Delaware courts have not confronted the precise question at issue, however. Cases sub judice raises the issue of whether the use of force in attempting to escape after abandoning the property and without originally using force to Obtain the property satisfie the statutory definition of Robbery.

It's also said that although a majority of jurisdictions including Delaware, have found that force used with the intent to escape

Exhibit A (21)

E. while in possession of stolen goods constitute Robbery, the MAJORITY of courts that have confronted the precise factual scenario At issue here have generally held that Robbery is "not Applicable".    case #
(Root. V. State 247 Ala. 514, 25 So. 2d 182 (1946) Roberts.V. (State 49 OkLA. C2w. 181, 292 P. 1043 (1930) Dutton. V. State 199 Ga. App. 750. 406 S.E. 2d 85 (1991)

Incorre- nial Circle in Consistry n llC Dixon

⑤  The DelAware statute does not explicitly include escape with in it's coverAge. (Dixon had Abandoned the PROPERTY befor) (employing force) The use of force therefor had no CAUSAL connection with A theft. Under those facts the conviction (or Robbery under DelawaRes statute was "IMPROPER."

se  tamps ②

nisal nnection sic Offense

⑥  If required defendants use of force in Attempt to escape After Abandoning the pRopeRty And without ORiginally using force to obtain the pRopeRty did not satisfy the statutory Requirement that there be A causal connection between the use of force And the Theft.

RECEIVED
APR 1 5 2003
BY.

Dear Mr. Bartley,
    How are you?

I'm writing to share with you some research I've been doing. I don't know if your familiar with Dixon Vs state case, but I'll like to perhaps or use these grounds as insufficient evidence. In this case Dixon argued the state didn't have sufficient evidence to support Robbery 1st because he never used force to take or retain possession of the property.

2. We have to challenge the interpretation of the Robbery statute. DelCil 831-832. Del don't include escape within it's coverage

3. Quoting Del criminal code with commentary 831 at 258 (1973) In order to establish Robbery it must be shown that I used force as mean to "take" the property.

4. Delaware found that force used with the intent to escape while in possession of stolen goods constitute Robbery but when confronted by the precise factual scenario it generally held that Robbery is not applicable.

5. If we have to we'll challenge the that all the item's we abandoned before the struggle insued.
It's a lot of things in this case I see helpfull and I don't see why we can't imply it to my situation By the way the charge was reversed because he did not use force to facilitate theft.

Exhibit Q

P.S. Case Number Dixon Vs. state - Cite as Del. Supr. 67 A.2d 1220 (1996) Please get and let me know what your

CIX,A (23)

8.    A direct appeal was filed and prosecuted on the merits.    I filed an Opening Brief, 25 pages in length, which advanced three arguments as well as a Reply Brief thereafter. (copies attached as Exhibits C and D).

9.    The conviction and sentence in this case were affirmed by Order of the Supreme Court dated May 11, 2004 (copy attached as Exhibit E.)

10.    Prior to trial, I met with Defendant in person at the Gander Hill facility on at least four (4) occasions (April 5, May 2, May 8 and July 2, 2003). Prior to trial, I also met with Mr. Roane in the Courthouse at case review.

11.    In all communications with me, the Defendant never denied the shoplifting/theft which formed the basis of the State's allegation of robbery.    Rather, Defendant suggested that his conduct did not constitute robbery.    He did so orally as well as by letters from Defendant received by me on or about February 27, 2003 and April 15, 2003. (copies attached as Exhibits F and G). In both of those letters, Defendant suggested that the case of *Dixon v. State*, 673 A.2d 1220 (Del. 1996) was favorably applicable to his case.    Defense counsel, in fact, argued the applicability of *Dixon* at both the trial court and appellate court levels in this case.

3

looking at me telling me, "I'm sorry, I'm sorry. That was the only thing he said to me, I'm sorry." (A-13). White also recalled Defendant's apology. (A-21).

Defendant was mistaken in his assertion that he had abandoned all the merchandise he had attempted to shoplift for when the police searched Defendant's jacket, they found a $10.00 pair of jeans "stuck in one of the sleeves." (A-22). No additional evidence was presented to support a finding that the Defendant was aware that he was in fact still in possession of the single pair of jeans and that it was not on the floor with the rest of the merchandise.

Even though the indictment in this case charged that:

> KYLE ROANE. . .when in the course of
> committing theft, did threaten the
> immediate use of force upon James Casula
> with intent to prevent or overcome his
> resistance to the taking of property or to
> the retention immediately after the
> taking, said property consisting of store
> merchandise and while in the immediate
> flight therefrom he caused physical injury
> to said person, who was not a participant
> in the crime.

(A-5), there was no testimony that Defendant made any efforts whatsoever to retrieve the fallen or abandoned merchandise which he had shoplifted by concealing same in his coat.

Ex. A (25)

III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR
IN REFUSING TO GIVE DEFENDANT'S PROPOSED
*DIXON* INSTRUCTION.

## ARGUMENT

The State's argument that "there was no evidence that the defendant voluntarily abandoned the property before forcefully resisting the store employees' efforts to detain." Ans. Br at 9, is important in that it recognizes that the injury may have occurred, as Defendant contended, during efforts to detain him pursuant to 11 Del. C. §. 840(c) and not in furtherance of the shoplifting.

However, in this case the indictment alleges that it was Mr. Casula who was the victim of the robbery, not other store employees. (A-5). So the State's argument that "as a factual matter, a Dixon instruction was not warranted" is erroneous. The store manager testified that during his struggle with the Defendant before Mr. Casula arrived, the merchandise had already fallen and the Defendant was expressing a belief that he should therefore be permitted to leave.(A-18). Furthermore, the evidence is undisputed that by the time the victim of the alleged robbery (Mr. Casula) arrived on the scene Defendant was no longer in possession of any merchandise with the exception of a single pair of blue jeans. So whether

3

Ex, A(26)