14.    The first ground raised by Defendant in his motion for post-conviction relief is that I failed to object to his sentencing as an habitual offender on the ground that his 1988 conviction was for Simple Possession rather than Possession with Intent to Deliver.

15.    Defendant is correct that his 1988 conviction appears to have been for the lesser-included offense of Simple Possession rather than Possession with Intent to Deliver.[6]  I became aware of the discrepancy between the indictment and actual conviction--apparently for the first time-- upon review of the Prothonotary's file on August 20, 2004 after the issue had been raised in Defendant's Motion for Post-conviction Relief.[7]

16.    During my routine case investigation during the case review process in the instant case, I had previously determined that Defendant would be eligible for sentencing as an habitual offender if convicted of a felony. Excluding the 1988 drug conviction, Defendant had prior Delaware felony convictions for

---

[6] Compare the Indictment and Sentencing Order in JIC 88004242DI. (copies attached hereto as Exhibits K and L).

[7] The prosecutor apparently was likewise unaware of the misdemeanor nature of the 1988 conviction as there were other sufficient felony convictions which could cited in the August, 2003 Motion To Declare Kyle Roane An Habitual Offender. See Paragraph 16 below.

Ex. B (27)

Forgery Second Degree (1992)[8]; Robbery First Degree/Burglary (1993)[9]; Robbery Second Degree (1997)[10] and Escape Second Degree (2000).[11]  Docket Entry 17 of Exhibit C of the State's Motion To Declare Kyle Roane An Habitual Offender (Exhibit A hereto) confirms that determination:

> 7/7/2000: ORDER This Court finds that Kyle Roane Falls Within The provisions of 11 Del. C. §4214 and it is therefore ordered that Kyle Roane is declared to be an habitual offender under the law of the State of Delaware.

17.  Due to my misapprehension as to the nature of the 1988 conviction, I never considered whether to challenge Defendant's sentencing as an habitual offender at either the trial or appellate level on the ground that one of the predicate convictions cited by the State in its August, 2003 Motion To Declare Kyle Roane An Habitual Offender was in fact a misdemeanor conviction. To the contrary, at sentencing I erroneously conceded that the 1988 drug conviction constituted one of the three (3) predicate felonies necessary for sentencing pursuant to 11 Del.

---

[8] JIC No. 92009964DI

[9] JIC Nos. 30209828DI and 93001239DI

[10] JIC No. 9611011589

[11] JIC No. 9905009641.  In this case, Defendant was declared and sentenced as an habitual offender. See D.I. Nos. 15-17.

Elx,B(28)

2

```
 1                                    August 22, 2003
                                      Courtroom No. 4E
 2                                    1:15 p.m.

 3       PRESENT:

 4               As noted.

 5                       - - - - -

 6               MR. WALTHER:  We're ready to proceed with Kyle

 7       Roane.  Before we begin, did Your Honor get a copy of my

 8       motion?

 9               THE COURT:  No.  Is that an habitual offender

10       motion?

11               MR. WALTHER:  Yes.

12               THE COURT:  No, I hadn't seen that.

13               Don't forget to always send courtesy copies to

14       chambers, especially with the prothonotary staff

15       shortage that we do now have.

16               All right.  Before we proceed with the

17       sentencing of Kyle Roane, let's act on the State's

18       motion filed August 18 to declare the defendant an

19       habitual offender.

20               Mr. Walther.

21               MR. WALTHER:  Yes, Your Honor.  I believe the

22       motion speaks for itself.  He has convictions on Charge

23       1, possession with intent to deliver cocaine back in
```

A 48

Ex. B (29)

1    1993.  He has a burglary third conviction in this court

2    back in 1993.  And he has an escape second degree

3    conviction in 2000.  And, of course, Your Honor presided

4    over the trial in which he was convicted of robbery in

5    the first degree.

6            THE COURT:  Mr. Bartley.

7            MR. BARTLEY:  Your Honor, we do not dispute the

8    predicate felonies.  However, Your Honor will recall

9    that there was a defense.  And the defense was a lesser

10    included defense of assault third and shoplifting.  It

11    went to the jury in the afternoon, and they came back

12    the next day and convicted him of robbery second.

13            We want to preserve our position; namely, that

14    he cannot be convicted of robbery first degree or

15    sentenced as an habitual offender because he factually

16    committed shoplifting, and legally shoplifting cannot

17    become robbery if --

18            THE COURT:  Of course, your position can be

19    preserved because you raised those issues at trial.  But

20    the jury did come back with the robbery second

21    conviction.  That means, of course, under the law --

22            MR. WALTHER:  The jury came back robbery first

23    degree.

A49

Ex.B(30)