## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **KYLE ROANE**, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 05-654-JJF |
| | : | |
| **THOMAS CARROLL**, | : | |
| | : | |
| Warden, | : | |
| | : | |
| Respondent. | : | |

## <u>ANSWER</u>

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, the respondent states the following in response to the petition for a writ of habeas corpus:

In July 2003, a Delaware Superior Court jury convicted the petitioner, Kyle Roane, of first degree robbery. The Superior Court sentenced Roane as an habitual offender to a mandatory-minimum sentence of 20 years in prison. The conviction and sentence were affirmed on direct appeal. *Roane v. State*, No. 454, 2003, 2004 WL 1097692 (Del. Aug. 12, 2005) (hereinafter *Roane 1*). In June 2004, Roane filed an application for state post-conviction relief. After expanding the record to include defense counsel's affidavit and after briefing by the parties, the Superior Court denied post-conviction relief. *State v. Roane*, ID No. 0301008114 (Del. Super. Jan. 18, 2005) (hereinafter *Roane 2*).[1] The decision was affirmed on appeal. *Roane v. State*, No. 45, 2005, 2005 WL 2149409 (Del. Aug. 12, 2005) (hereinafter *Roane 3*).

_____

[1]A copy of the order in *Roane 2* is attached as an exhibit to the petition (D.I. 1).

<u>Facts</u>

As adduced at Roane's Superior Court jury trial and reported by the state supreme court on direct appeal, the facts surrounding Roane's conviction are as follows: On the morning of January 13, 2003, Roane shoplifted several items of clothing from the Dollar General Store in Elsmere, Delaware. The store manager, Christopher White, recounted that on that day, he heard a cry for help from an assistant manager, Darris Hensley. Arriving at the front of the store, White observed Hensley holding the exit door closed and telling Roane he could not leave. Roane was attempting to push the door open, and when White approached, a struggle ensued. White called another store employee, James Casula, to assist in restraining Roane until police arrived. Hensley meanwhile called the police. Casula tried to subdue Roane by pulling Roane's hat down over his face, and during the ongoing struggle, Roane bit Casula's hand, causing considerable bleeding. The altercation lasted several minutes, and items of store merchandise which Roane had shoplifted fell from beneath Roane's jacket. The police arrived, and Roane was taken into custody. Still secreted in Roane's jacket was a pair of shoplifted jeans which was also store merchandise. The next day, Casula was treated for his bite wound and prescribed antibiotics. *See generally Roane 1*, at ¶ 2; A 8-44 (Trial Tr. of July 8-9, 2003).[2]

<u>Discussion</u>

In the petition, Roane presents three claims: 1) defense counsel's representation was ineffective because he failed to investigate or challenge prior inconsistent statements by a witness at trial; 2) counsel's representation was ineffective because he did not object to the

---

[2]"A" herein refers to the Appendix to the Appellant's Opening Brief in *Roane v. State*, No. 454, 2003.

introduction of a predicate conviction offered to establish Roane's habitual offender status under state law; and 3) the trial court should have given a jury instruction under *Dixon v. State*, 673 A.2d 1220 (Del. 1996). (D.I. 1).

*First Claim Procedurally Barred*

In the first claim, Roane argues that counsel was ineffective because he did not investigate or challenge at trial a prior inconsistent statement made by a witness to police. In the petition, Roane does not identify the witness who is the subject of the complaint. *See* D.I. 1 at 6-7. But in an accompanying document titled "Petitioner's Brief," Roane names Christopher White as the subject witness. (D.I. 3 at 7-8). Roane presented the claim to the state supreme court in the post-conviction appeal, and thus state remedies are exhausted. *See* 28 U.S.C. § 2254(b); *Smith v. Digmon*, 434 U.S. 332, 333-34 (1978); *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984). Consideration of Roane's first claim is precluded, however, because he defaulted the claim in the state courts.

After finding that a petitioner has exhausted state remedies, this Court "must then assure itself that a habeas petitioner has complied with relevant state procedural requirements before it can delve into the claim of constitutional error in a state conviction." *Bond v. Fulcomer*, 864 F.2d 306, 310 (3d Cir. 1989). Roane, however, did not comply with state procedural requirements. Roane presented the claim on appeal, without having presented it first in the Superior Court. The Delaware Supreme Court specifically found that "Roane did not raise a claim concerning Christopher White's statement in his postconviction motion." *Roane 3*, at ¶ 5 & n.7. Roane had argued in the Superior Court that counsel failed to uncover and challenge inconsistencies in the "the victim's" statement to police. *Id.* Because Roane

had bit Casula during the course of the robbery, the Superior Court interpreted the word victim as referring to Casula.[3] *Id.* The correctness of the court's observation is further highlighted by the fact that the indictment specifically identifies Casula as the victim of the robbery. (A5). To the extent that Roane raised a claim in the state post-conviction appeal related to White, review of the claim was therefore barred because it had not been presented in the first instance to the Superior Court. *Roane 3*, at ¶ 5.

Accordingly, the Delaware Supreme Court rejected the claim on procedural grounds, reviewing only for plain error under Delaware Supreme Court Rule 8. *Id.* Under Rule 8, "Only questions fairly presented to the trial court may be presented for review" on appeal. DEL. SUPR. CT. R.8; *see Harris v. Reed*, 489 U.S. 255, 263-64 (1989). This Court has consistently held that Rule 8 is an independent and adequate state procedural rule which precludes federal habeas review. *See, e.g.*, *Lawrie v. Snyder*, 9 F. Supp. 2d 428, 452-53 (D. Del. 1998); *Dawson v. Snyder*, 988 F. Supp. 783, 825 (D. Del. 1997).

The state procedural bar of Rule 8, therefore, is an independent and adequate state law ground under *Wainwright v. Sykes*, 433 U.S. 72 (1977) which would preclude federal habeas review of Roane's claim unless he established cause for his procedural default and resulting prejudice, or that a miscarriage of justice would result if the Court refused to hear his claim. *See* 28 U.S.C. § 2254(a); *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Harris*, 489 U.S. at 262; *Murray v. Carrier*, 477 U.S. 478, 493 (1986); *Caswell v. Ryan*, 953 F.2d 853, 860-61 (3d Cir. 1992); *Neely v. Zimmerman*, 858 F.2d 144, 147 (3d Cir. 1988);

---

[3]The bite wound caused significant bleeding, and Casula sought medical treatment for the bite wound on the day following the robbery. *Roane 1*, at ¶ 2. The bite wound also satisfied the "physical injury" element of the first degree robbery statute. *Id.* at ¶ 4; *see also* DEL. CODE ANN. tit. 11, 832 (a)(1).

*Dawson*, 988 F. Supp. at 804-05.  To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986); *Dawson*, 988 F. Supp. at 805.  To establish prejudice under the cause and prejudice standard, a petitioner must show "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Carrier*, 477 U.S. at 493-94 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)); *Dawson*, 988 F. Supp. at 804-05.

Roane, however, has not alleged, and the record does not reveal, cause for his procedural default. *See Coleman*, 501 U.S. at 752; *Murray*, 477 U.S. at 487; *Dawson*, 988 F. Supp. at 809-10.  Because Roane has not alleged and the record does not reveal cause for his procedural default, this Court need not reach the question of whether he has shown any actual prejudice. *See Coleman*, 501 U.S. at 757; *Smith v. Murray*, 477 U.S. 527, 533 (1986); *Lawrie*, 9 F. Supp. 2d at 454; *Dawson*, 988 F. Supp. at 804-05; *Carter v. Neal*, 910 Supp. 143, 151 (D. Del. 1995).  Accordingly, the claim should be rejected as procedurally barred.

*Second and Third Claims Do Not Provide A Basis for Relief*

Roane next claims that counsel's representation was ineffective because he did not object to the introduction of a predicate conviction offered to establish Roane's habitual offender status under state law. (D.I. 1 at 7-8).  Roane presented the claim in the state post-conviction appeal, and thus state remedies are exhausted. *See Roane* 3, at ¶ 7.  Federal habeas review in this case is subject to the terms of the Antiterrorism and Effective Death Penalty

Act of 1996. *See* 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 8 (2002); *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Revised § 2254 restricts the scope of collateral review of convictions and sentences for persons in custody pursuant to the judgment of a state court. As amended, § 2254(d) states:

> **(d)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceeding unless the adjudication of the claim--
>
> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see, e.g., Price v. Vincent*, 538 U.S. 634 (2003); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003); *Woodford v. Visciotti*, 537 U.S. 19, 21-22 (2002); *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000). The issue here is thus whether the decision of the state supreme court was contrary to, or involved an objectively unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. *See Hameen v. Delaware*, 212 F.3d 226, 235 (3d Cir. 2000).

In the second claim, Roane alleges that counsel's representation was constitutionally ineffective. In order to prevail on a claim of ineffective assistance of counsel, Roane was required to allege and establish facts (1) that counsel's actions fell below an objective standard of reasonableness, and (2) that there exists a reasonable probability that, but for counsel's unprofessional errors, he would have prevailed at trial. *Strickland v. Washington*, 466 U.S. 668, 695 (1984); *United States v. Brown*, 991 F.2d 1162 (3d Cir. 1993).

The *Strickland* analysis for a claim of ineffective assistance of counsel constitutes clearly established law under revised § 2254(d). *E.g.*, *Woodford*, 537 U.S. at 22; *Williams*, 529 U.S. at 390; *Keller v. Larkins*, 251 F.3d 408, 418 (3d Cir. 2001); *Johnson v. Carroll*, 327 F. Supp. 2d 386, 395 (D. Del. 2004). A habeas petitioner must allege facts which, if accepted as true, would satisfy both prongs of the *Strickland* test: performance deficiency and prejudice to the defense. *See Sistrunk v. Vaughn*, 96 F.3d 666, 670 (3d Cir. 1996). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a strong presumption that the representation was professionally reasonable. In evaluating defense counsel's performance, a reviewing court should also "eliminate the distorting effects of hindsight," and "evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. In this case, the decision of the state supreme court affirming the denial of Roane's post-conviction claim was not an unreasonable application of the well-settled two-part *Strickland* framework.

Roane's second claim fails to satisfy the *Strickland* standard. Roane was declared an habitual offender under DEL. CODE ANN. tit. 11, § 4214(a) and was sentenced to 20 years in prison for the first degree robbery conviction in this case. Under § 4214(a) a person convicted of a fourth qualifying felony shall be declared an habitual offender. And under the terms of § 4214(a), the Superior Court had discretion to impose a sentence of life but was required to impose a minimum sentence of 20 years for the first degree robbery conviction, i.e., the maximum penalty provided for a first degree robbery conviction under state law.[4] *See*

_____

[4]Section 4214(a) states that a defendant "shall receive a minimum sentence which shall not be less than the statutory maximum penalty provided elsewhere in this title" when the felony is a violent felony as defined in DEL. CODE ANN. tit. 11, § 4201(c). First degree robbery is so defined in § 4201(c).

DEL. CODE ANN. tit. 11, §§ 832, 4205(b)(2).  Thus, Roane's 20-year sentence for the robbery conviction was the minimum he could receive once the Superior Court had declared him an habitual offender.

One of the predicate felonies listed in the State's application to declare Roane an habitual offender was a 1988 misdemeanor conviction for simple possession of cocaine and not a felony conviction for possession of cocaine with intent to deliver. *See Roane 3*, at ¶ 7. Admittedly, defense counsel candidly and correctly acknowledged that the 1988 conviction for possession was a misdemeanor and that he was mistaken as to the misdemeanor nature of the conviction at Roane's sentencing. *Id.*  And while the oversight may or may not satisfy the reasonableness prong of *Strickland*, there was simply no resulting prejudice.  This is so because Roane had four additional qualifying felony convictions which also constituted predicate felonies for establishing habitual offender status under state law. *See Roane 3*, at ¶ 7; *Roane 2*, at ¶ 8.  Moreover, Roane had been declared an habitual offender by the Superior Court in 2000, and under state law, a hearing was not necessary to reestablish habitual offender status. *Roane 3*, at ¶ 7.  There was thus ample evidence in the state court record to support the Superior Court's habitual offender finding under state law, and counsel's inadvertence did not have any conceivable impact on the mandatory sentence ultimately imposed on Roane as an habitual offender.  Perforce, there was no prejudice within the meaning of *Strickland*.  In sum, the state courts' rejection of Roane's complaint about defense counsel's performance was consistent with clearly established legal principles and was a reasonable application of those principles to the facts in this case.  As a result, by the terms

of § 2254(d)(1), the claim does not provide a basis for federal habeas relief. *See Hartey v. Vaughn*, 186 F.3d 367, 373 (3d Cir. 1999).

In his third and final claim, Roane argues that the trial court should have given a jury instruction under *Dixon v. State*, 673 A.2d 1220 (Del. 1996). (D.I. 1 at 9-10). Roane presented the claim on direct appeal (*Roane 1*, at ¶ 6), and thus state remedies are exhausted. At trial, defense counsel requested the trial court to instruct the jury pursuant to *Dixon* that if Roane had used force only to escape after voluntarily abandoning the stolen property, then he was not guilty of robbery. *See Roane 3*, at ¶ 8. The trial court declined, ruling that the facts of Roane's case did not show that Roane had abandoned all of the merchandise he had shoplifted. *Roane 1*, ¶ 6. The state supreme court agreed and affirmed that decision on direct appeal. *Id.*

The state courts' decision on the matter was manifestly correct. First, there was no evidence that Roane voluntarily abandoned any of the merchandise which he had shoplifted. Instead, the bulk of the stolen merchandise simply fell out of his jacket when he tried to push his way past Hensley in an effort to escape through the exit door and during the ensuing struggle with White and Casula. And as correctly observed by both the Superior Court and the state supreme court, Roane still possessed a pair of blue jeans concealed in the sleeve of his coat when he was taken into police custody. *Id.* Accordingly, a *Dixon* instruction was simply not warranted under the facts of Roane's case.

And importantly, the point of law in *Dixon* relied upon now by Roane was no longer valid at the time Roane committed the robbery or, of course, subsequently at the time of trial. *Dixon* was a case of statutory interpretation in which the defendant was convicted of first

degree robbery. The crime of first degree robbery occurs when a person commits second degree robbery in combination with certain aggravating factors listed in the first degree robbery statute. *See Dixon*, 673 A.2d at 1224-25 (citing DEL. CODE ANN. tit. 11, §§ 831-32)). Under the second degree robbery statute extant at the time of the court's 1996 decision in *Dixon*, force used exclusively in an attempt to escape from attempted theft did not support a robbery conviction if the defendant was not in possession of any stolen property. *Id.* at 1225. As explained by the court, Delaware's second degree robbery statute in that regard was narrower than the Model Penal Code, which explicitly includes within robbery "force used solely to escape from an attempted theft." *Id.* at 1227. Effective May 22, 1997, the Delaware Legislature amended the second degree robbery statute by expressly providing, consistent with the Model Penal Code, for the threat or use of force occurring in immediate flight after an attempt or commission of theft. 1997 *Del. Laws* ch. 47 (H.B. 119) (codified at DEL. CODE ANN. tit. 11, § 831(b) (2001 Repl.)). This amended version of the robbery statute was in effect at the time Roane committed the robbery in this case, i.e., January 13, 2003. It was thus simply irrelevant in the context of this case whether Roane caused physical injury during the robbery or in immediate flight therefrom. *See id.*[5] Even accepting for the sake of argument that Roane had voluntarily abandoned all of the merchandise, he was still guilty of robbery for causing the physical injury to Casula while in "immediate flight" after committing theft. Thus, no conceivable prejudice resulted to Roane's case based on the absence of a *Dixon* instruction, and Roane's third claim should be dismissed as meritless.

---

[5]Moreover, Roane's argument simply ignores that the first degree robbery section (§ 832) included the provision regarding "immediate flight therefrom" independent of the second degree robbery section (§ 831). *See* DEL. CODE ANN. tit. 11, § 832(a) (2001 Repl.).

<u>Conclusion</u>

Based upon the Superior Court docket sheet, it appears that the transcripts of Roane's jury trial proceedings and sentencing have been prepared.  In the event that the Court directs production of any other transcript, the respondent cannot state with specificity when the transcript could be produced, but reasonably expects that production would take 90 days from the issuance of any order by the Court.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

<u>/s/</u>_____
Thomas E. Brown
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE  19801
(302) 577-8500
Del. Bar ID#  3278
*ThomasE.Brown@state.de.us*

Date: December 21, 2005

## CERTIFICATE OF SERVICE

The undersigned, being a member of the Bar of this Court, hereby certifies that on

December 21, 2005 he caused to be electronically filed the attached document (Answer) with

the Clerk of the Court using CM/ECF.  I hereby certify that on December 21, 2005 I have

also caused to be mailed by first class U.S. Mail two copies of the document to the following

non-registered participant, the petitioner:

      Kyle Roane (No. 00250352)
      Delaware Correctional Center
      1181 Paddock Road
      Smyrna, DE 19977.

      /s/_____
      Thomas E. Brown
      Deputy Attorney General
      Del. Dept. of Justice

      Counsel for Respondent

Date: December 21, 2005