In The United States District Court
For The District Of Delaware

Kyle Roane,
　Petitioner,

v.

Thomas Carroll,
　Warden
　Respondent.

Civ. Act. No. 05-654-JJF

FILED
JAN - 9 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Petitioners Reply Brief

Kyle Roane
Movant
Delaware Correctional Center
1181 Paddock Road.
Smyrna, Del. 19977.

Date: 1-3-06

# Table Of Contents

Table Of Contents.... 1
Table Of Citations & Exhibits.... 11 (Next Page) 11

Argument

I. Ineffective Assistance Of Counsel
Counsel failed to investigate prior inconsistent statement, counsel failed to bring inconsistencies to attention of jury. Statement made police officers initial interview versus testimony given at trial. 1

II. Ineffective Assistance Of Counsel
Counsel failed to object to Defendant being sentenced under a fraudulent predicate felony..... 4

III. Trial Court committed reversible error in Refusing to give Defendant proposed Dixon Instruction.... 6

Conclusion.... 10

# Table of Citations & Exhibits

11 Del. C. § 840 ... 8

Dixon V. State, 673 A. 2d 1220 (Del. 1996)...9

Exhibit A... 11 (Next Page)
11

Exhibit B... 11 (Next Page)
11

Ground I. Counsel failed to investigate Victims prior inconsistent Testimony. Counsel failed to bring inconsistencies to the attention of the jury. Victims Statements made at trial versus statements made to officers interview.

First defendant would like to apologize for his ignorance of terms used in this charge, defendant meant statement rather then testimony and when using the term Victims defendant was refer to Victims as in Plural and not Singler as in Mr. Casula and Mr. White. Technically when defendant refered to counsel not bringing inconsistencies to attention of the jury, you can find that Mr. Casula an Mr. White gave inconsistent testimonies. Mr. Casula at trial, Mr. White statement at interview with officer versus testimony at trial. Counsel failed to bring Mr. White inconsistent statement to attention of jury.

First Prong: Counsel failed to bring inconsistencies to attention of jury, defendants Discovery should of been used for defendants evidents which was evaluated as factual assertion. failure to bring inconsistencies to light, defendant wasn't able to bring inconsistencies on Appeal. Counsel representation fell below an objective standard of reasonableness, Court of Appeal conclude strategic choices made after "Thorough" investigation (not explore) of law and facts "relevant to plausible option are virtually unchallenged.

Second Prong: If counsel would of established that defendant was not in possession of the "Blue jeans", the element of Robbery 1st wouldn't of existed. (See Exhibit B) Mr. White stated as a result of the struggle all the unpaid items fell from defendants jacket, Blue jeans included. With this fact it goes without say that the outcome would of been different.

Exhibit A

**123**

1  economic benefit of it. The term "force" or "use of
2  force" as used in the definition of robbery second
3  degree, has no technical meaning peculiar to law and
4  must be given its ordinary meaning. "Force"
5  generally means the capacity or power to persuade,
6  convince, restrain or coerce and does not necessarily
7  imply physical violence. The phrase "threatens the
8  immediate use of force upon another person," unquote,
9  would mean a show of power or strength sufficient to
10  compel the giving up of property. "Intentionally"
11  means that it was the defendant's conscious object or
12  purpose to act in the manner alleged.
13      If, after considering all of the evidence,
14  you find that the State has established beyond a
15  reasonable doubt that the defendant acted in such a
16  manner as to satisfy all of the elements which I have
17  just stated, at or about the date and place stated in
18  the indictment, you should find the defendant guilty
19  of robbery in the first degree. If you do not so
20  find, or if you have a reasonable doubt as to any
21  element of this offense, you must find the defendant
22  not guilty of Robbery First Degree.
23      In such a case or in the event that you are

**133**

1  deprive the person of the property or to appropriate
2  the property. "Property of another" means property
3  in which any person other than the defendant has an
4  interest which the defendant does not have permission
5  to take. "Appropriate" means to exercise control
6  over property of another permanently or for as
7  extended a period of time or under such conditions as
8  to acquire a major portion of its economic value or
9  benefit. "Deprive" means to withhold property of
10  another person permanently or for so extended a
11  period of time or under such circumstances as to
12  withhold a major portion of its economic value or
13  benefit.
14      If, after considering all of the evidence,
15  you find that the State has established beyond a
16  reasonable doubt that the defendant acted in such a
17  manner as to satisfy all of the elements that I have
18  just stated, at or about the date and place stated in
19  the indictment, you should find the defendant guilty
20  of theft. If you do not so find, or if you have a
21  reasonable doubt as to any element of this offense,
22  you must find the defendant not guilty of Theft
23  Misdemeanor.

**134**

1  at an impasse and you are unable to reach a unanimous
2  verdict on the charge of Robbery First Degree, then
3  you may go on to consider the lesser included
4  offenses of Theft Misdemeanor and Assault Third
5  Degree.
6      Delaware law defines the offense of Theft,
7  in pertinent part, as follows:
8      A person is guilty of theft when the person
9  takes property of another person intending to deprive
10  that person of it or appropriate it.
11      Therefore, in order to find the defendant
12  guilty of Theft, you must find that all of the
13  following elements have been established beyond a
14  reasonable doubt:
15      One, the defendant took property of another
16  person, in this case, the Dollar Store;
17      And, two, the defendant intended to deprive
18  the person of the property or to appropriate the
19  property;
20      And, three, the property was valued at less
21  than $1000.
22      "Intentionally" means that it was the
23  conscious object or purpose of the defendant to

**136**

1      Delaware law defines the offense of Assault
2  Third Degree, in pertinent part, as follows:
3      A person is guilty of assault in the third
4  degree when:
5      One, the person intentionally causes
6  physical injury to another person.
7      In order to find the defendant guilty of
8  assault in the third degree, you must find that all
9  of the following elements have been established
10  beyond a reasonable doubt:
11      One, the defendant caused physical injury to
12  James Casula;
13      And, two, the defendant acted intentionally.
14      "Intentionally" means that it was the
15  defendant's conscious object or purpose to cause
16  physical injury to another person. "Physical injury"
17  means the impairment of physical condition or
18  substantial pain.
19      If, after considering all of the evidence,
20  you find that the State has established beyond a
21  reasonable doubt that the defendant acted in such a
22  manner as to satisfy all of the elements which I have
23  just stated, at or about the date and place stated in

Exhibit B

I.

### Ineffective Assistance Of Counsel

Counsel failed to investigate prior inconsistent statement, counsel failed to bring inconsistencies to attention of jury. Statement made at police officers initial interview versus testimony given at trial.

### Argument

State's conduct so undermined the proper functioning of adversarial process that the appeal process could not be relied on as having produced a just result.

### Cause for Procedural Default

Upon a review of Defendant's initial Post Conviction Motion you could come to the conclusion that the claim before you today is slightly different from the claim then. The claim consisted of some erroneous terms in reference to Defendant's actual intent. The claim assert was as followed:

### Ineffective Assistance Of Counsel

Counsel failed to investigate Victim['s] prior inconsistent statement, counsel failed to bring inconsistencies to attention of jury. Victim['s] statement made at police officers initial interview versus testimony given at trial.

After a review of the state's affidavit, and the review of

continue next page.

Counsel's Affidavit of the reply to Defendants brief it came to light that Defendant's claim was nexus to meritless and frivolous because of the way the Defendant claim was presented. Counsel averred that no prior testimony existed with which to impeach or otherwise confront the victim. So in return Defendant submitted a reply brief in hopes to clarify his claim. [See exhibit A]

The cause for Defendant's claim not being fully exploited rest in the hands of the Superior Court! Defendant did in fact attempt to clarify his claim, the state court unfortunately only acknowledged partial of Defendant's clarity. State Court acknowledges that Defendant meant statement instead of Testimony, but it failed to produce what brings us to this point. Also asserted in Defendant's reply brief is his clarity on the term victim['s]. Defendant states when he was refering to the term victim['s] it was plural an not singular, refering to Mr. Casula as well as "Mr. White". For this fact alone this is the "cause" of the current impass that's before us now. It was incumbent for the State to interpretate a claim in which it defines as "Vague" and come to a conclusion that Defendant failed to demonstrate prejudice without full understanding.

In relevance to the Miscarriage Of Justice, Defendant has always maintained he never committed the crime of Robbery in which he was charged. He contends that if counsel would of investigated and developed mitigating evidence that supported the defenses theory the offense for Robbery first degree would of lacked sufficient evidence. It is important to note that prejudice questions under <u>Strickland</u> is whether all of counsel's unprofessional error's combined undermined the confidence in the result of the outcome. Essentially Defendant claims rest on the ineffectiveness of counsel's failed duties. The evidence asserted in the Defendant's brief speaks volume of counsel's inadequacies, counsel's overall performance prejudiced defenses chances for any type of acquittal or relief. If in fact the state's claim that the Dixon Instruction had no validity is true, it solidifies another chapter of a ongoing failure to investigate and produce just result's. The fact's are "clear", and like the tomato sauce "Prego" they're all in there. It's affirmitive that the proof is not in the "Pudding", it's in the "Tasting."

3

II.

## Ineffective Assistance Of Counsel

Counsel failed to object to Defendant being sentenced under a fraudulent predicate felony.

### Argument

Counsel failed to object to a fraudulent predicate felony in which the State charged in it's 2003 Motion to declare Defendant Habitual Offender.

The State claims that no prejudice occurred during the proceedings of the Defendant's Habitual Offender hearing is meritless. In the State's 2003 Motion to declare Defendant A Habitual Offender was a fraudulent felony of Poss w/I to deliver cocaine. The determination by trial court that Defendant is A Habitual Offender must be supported by substanial evidence in <u>Specific Record</u> and <u>free from</u> "<u>Legal Error</u>" and Abuse of discretion. "Hindsight" is 50/50, and to eliminate the distorting effects of hindsight we must evaluate the <u>facts</u> set forth in the motion at hand. To allow the State the opportunity to rescue it's mistake after wouldn't be fair. If for no other reason, the State is obligated to acceptance of their own responsibility. It's ambiguous for the State to say that there was ample

evidence in the State court record at the time of sentencing to support the Superior Court's findings, and the counsel's inadvertence did not have a impact on the Habitual Offender sentence. And it was also ambiguous in saying the hearing to establish habitual offender status was not necessary. After the issue, because the fact is they did and the outcome of the proceeding's were erroneous.
Nevertheless, we can not "Assume" that the State was aware of Defendant's prior habitual status, because truly if that was a "fact" we would not be arguing the inadequacies.
Counsel conduct so undermined proper functioning of adversarial process that counsel duty can not be relied on as having produced a just result.

5