III. Trial Court Committed Reversible Error In Refusing To Give Defendant's Proposed Dixon Instruction.

Argument

The State's argument that "there was no evidence that the Defendant abandoned the property before forcefully resisting the store employees' to detain is erroneous, and ignores the theory that if Defendant was no longer in possession of the property, the force used could not have been interpretated as in the course of committing theft" to overcome resistance to the taking or the retention" of the property.

(A) A person is guilty of robbery in the first degree when the person commits the crime of robbery in the second degree.

(B) A person is guilty of robbery in the second degree when, in the course of committing theft, the person uses or threatens the immediate use of force upon another person.

The phrase "Threatens The Immediate Use Of Force Upon Another Person" means a show of "Power or strength sufficient to compel the giving up of property." This requires, at least, the giving up of property through intimidation.

While the phrase "in the course of committing a theft," requires "a causal connection between the use or threat of force and the theft," in which the Dixon instruction was derived from initially, the code provision does not require that the application of force be contemporaneous with the actual appropriation of the property. It is sufficient under the provision that force be applied to facilitate the commission of the taking or the retention of the property after it has been appropriated. In order to establish robbery, "[i]t must be shown that [the defendant] used or threatened force as a means to take the property of [the victim].

The case sub judice raises the issue of whether the use of force in attempting to escape, after abandoning the property and without originally using force to obtain the property, satisfies the statutory definition of robbery. Resolution of this question involves statutory interpretation. When interpreting the Criminal Code, we follow the mandate that:

The general rule that a penal statute is to be strictly construed does not apply to this Criminal Code, but the provision herein must be construed according to the fair import of their terms to promote justice and effect the purpose of the law.

The Delaware Code [Criminal] requires a "causal connection between the use of force or threat of force, and the theft.

Defendant had abandoned the property before employing force. The use of force, therefor, had no causal connection with the theft. Under these facts, the conviction for robbery under Delaware statute is improper.

Furthermore, theft includes only those acts described in 11 Del. §841-846. Shoplifting, as defined by statute, however, does not constitute statutory theft because it is defined by 11 Del. C. §840 and not by §841-846. Robbery occurs during the commission of theft and not shoplifting. 11 Del. C. §831-832. By determining that the Defendant was entitled to an instruction on the lesser included offenses of Theft and Assault Third, trial court found that there's a rational basis for the jury to find that the state had merged the two distinct offenses of Shoplifting/Theft and Assault Third into the single charge of Robbery First Degree. The state's suggestion that the post Dixon amendment of the robbery statute, "to remedy the flaw Dixon court had uncovered in the statute" renders "Defendant's proposed instruction incorrect as a matter of law" ignores the statutory dichotomy between Shoplifting and Theft. Most important, Superior Court and Supreme Court finding for not allowing the instruction was because they found no evidence of abandonment, in which was

erroneous by the evidence in the record. As in the record [A-29 Trial Transcripts] it clearly states: The reason I'm hesitating is that I had thought there was a legislative response to the Dixon case. And I think there was. "But That's not Important To My Decision." As you can see the legislative response had no bearing's on the court's decision. The fact is the court's sole decision was based on the "Abandonment of the stolen property. Making the state's response to this brief totally inconsistent with the court's intent to negate the purpose of the Dixon Instruction.

If not for any other reason, the Defendant pleads that for the sake of the interest of justice this claim be reviewed to effect the purpose of Law an promote justice.
The basis for relief has been displayed an provided all throughout the appeal process. Under the circumstances a reviewing court should review the eliminating, distorting effects of "hindsight" and evaluate the conduct from the court's perspective at the time. Most important in final conjunction to solidify Defendant's theory in this brief, in defining "theft" to the jury it's said Defendant took property of another person, in this case the Dollar Store, not James Casula. [A-40 see Ex.B"

## Conclusion

For all reasons cited herein the Defendant respectfully request that in the intrest of justice that the claims within be reviewed, or for his judgment of conviction for the offense of Robbery First Degree be modified to a judgment of guilt for the lesser included offenses of Assault Third and Misdemeanor Theft or vacated and reversed for a new trial.

Respectfully Submitted,

_Kyle Boone_
Kyle Boone
Movant

10

## Certificate of Service

I, _Kyle Boane_, hereby certify that I have served a true and correct cop(ies) of the attached: _Reply Brief_ _____ upon the following parties/person (s):

TO: _Office Of the Clerk_
_United States District Court_
_844 N. King Street_
_Wilmington,_
_Delaware._
_19801_

TO: _____

TO: _____

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _3rd_ day of _January_, 200 _Six (6)_

IM Kyle Boare
SBI# 00358 UNIT 17-B-1
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977



Office of the Clerk
United States District Court
844 N. King St. Lockbox 18
Wilmington
Delaware
19801-3570

LEGAL