IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KYLE ROANE,                             :
                                        :
            Petitioner,                 :
                                        :
      v.                                :   Civ. Act. No. 05-654-JJF
                                        :
THOMAS CARROLL, Warden, and             :
CARL C. DANBERG, Attorney General       :
of the State of Delaware,               :
                                        :
            Respondent.                 :

_____

Kyle Roane. Pro se Petitioner.

Thomas E. Brown, Deputy Attorney General of the DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware. Attorney for Respondent.

_____

**MEMORANDUM OPINION**

October 16, 2006
Wilmington, Delaware

Farnan, District Judge

    Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Kyle Roane ("Petitioner"). (D.I. 1.) For the reasons discussed, the Court will dismiss the Petition and deny the relief requested.

I. FACTUAL AND PROCEDURAL BACKGROUND

    In January 2003, Petitioner attempted to shoplift several items of clothing from the Dollar General Store in Elsmere, Delaware. One store employee held the door closed to prevent Petitioner from exiting the store while another employee called the police. In the meantime, store manager White approached Petitioner, and Petitioner attempted to push the door open. A struggle ensued, and several items fell out from under Petitioner's jacket. White called another store employee, Casula, to assist him in restraining Petitioner until the police arrived. Casula did so, another struggle ensued, and Petitioner bit Casula's hand. When the police arrived, they discovered a pair of jeans concealed in Petitioner's jacket. The police took Petitioner into custody. A doctor prescribed antibiotics for Casula's bite wound the next day. Roane v. State, 850 A.2d 303, 2004 WL 1097692, at *1 (Del. May 11, 2004); (D.I. 14, State's Ans. Br. in Roane v. State, No.454,2003, at 3.).

    In July 2003, a Delaware Superior Court jury convicted

Petitioner of first degree robbery, and Petitioner was sentenced as a habitual offender to a mandatory minimum sentence of 20 years imprisonment. The Delaware Supreme Court affirmed Petitioner's conviction and sentence on direct appeal. Roane v. State, 850 A.2d 303, 2004 WL 1097692 (Del. May 11, 2004).

In June 2004, Petitioner filed an application for state post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied the motion, and the Delaware Supreme Court affirmed the Superior Court's decision. Roane v. State, 2005 WL 2149409 (Del. Aug. 12, 2005).

Petitioner filed the instant Petition in September 2005. (D.I. 1.) Respondent filed an Answer, asserting that the Petition should be dismissed. (D.I. 12.) Petitioner filed a Reply contesting Respondent's arguments. (D.I. 15.)

## II. GOVERNING LEGAL PRINCIPLES

### A. EXHAUSTION AND PROCEDURAL DEFAULT

Absent exceptional circumstances, a federal court cannot review a habeas petition unless the petitioner has exhausted all means of available relief for his claims under state law. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842-44 (1999); Picard v. Connor, 404 U.S. 270, 275 (1971). A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claim to the

state's highest court, either on direct appeal or in a post-conviction proceeding, in a procedural manner permitting the state courts to consider it on the merits. See Duncan v. Henry, 513 U.S. 364, 365 (1995); Castille v. Peoples, 489 U.S. 346, 351 (1989); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).

If a petitioner presents unexhausted habeas claims to a federal court and state procedural rules would bar further state court review of those claims, the federal court will treat the claims as exhausted but procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 749 (1991); Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000); Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001); see Teague v. Lane, 489 U.S. 288, 297-98 (1989). Federal courts cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Coleman, 501 U.S. at 750-51; Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992).

To demonstrate cause for a procedural default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, the petitioner must show that

the errors during his trial created more than a possibility of prejudice; he must show that the errors worked to his "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 494.

Alternatively, if the petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. Murray, 477 U.S. at 496; Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger v. Frank, 266 F.3d 218, 224 (3d Cir. 2001). Actual innocence means factual innocence, not legal insufficiency, and the miscarriage of justice exception applies only in extraordinary cases. Bousley v. United States, 523 U.S. 614, 623 (1998); Murray, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – – that was not presented at trial," showing that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt. Hubbard v. Pinchak, 378 F.3d 333, 339-40 (3d Cir. 2004).

### B. STANDARD OF REVIEW

If the state's highest court adjudicated a federal habeas claim on the merits, then a federal court must review the claim

under the deferential standard contained in 28 U.S.C. § 2254(d). A state court decision constitutes an adjudication on the merits for the purposes of § 2254(d) if the "decision finally resolv[es] the parties' claims, with res judicata effect, [and] is based on the substance of the claim advanced, rather than on a procedural, or other ground." Rompilla v. Horn, 355 F.3d 233, 247 (3d Cir. 2004)(internal citations omitted), rev'd on other grounds by Rompilla v. Beard, 545 U.S. 374 (2005). Pursuant to § 2254(d), federal habeas relief may only be granted when the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); Williams v. Taylor, 529 U.S. 362, 412 (2000); Appel v. Horn, 250 F.3d 203, 210 (3d Cir. 2001).

When reviewing a habeas claim, a federal court must presume that the state court's determinations of factual issues are correct. 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); Campbell v. Vaughn, 209 F.3d 280, 286 (3d Cir. 2000); Miller-El v. Cockrell, 537 U.S. 322, 341 (2003)(stating that the clear and convincing standard in

§ 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions).

III.  DISCUSSION

Petitioner asserts three claims for relief in his Petition: (1) defense counsel provided ineffective assistance by failing to investigate or to challenge an inconsistent statement made by White to the police; (2) counsel provided ineffective assistance by failing to object to the introduction of a predicate conviction offered to establish Petitioner's habitual offender status under state law; and (3) the trial court should have instructed the jury under Dixon v. State, 673 A.2d 1220 (Del. 1996).

    A.  Claim One

Petitioner contends that his counsel provided ineffective assistance by failing to investigate and challenge White's inconsistent statements. (D.I. 3; D.I. 15.) Specifically, White testified at trial that the police arrived at the store after the struggle and, when taking Petitioner into custody, they discovered a pair of jeans in Petitioner's jacket sleeve. However, when White gave his statement to police soon after the incident, he stated that "all of the unpaid items fell out from under [Petitioner's] jacket near the exit" during the struggle, including "1 pair of blue jeans valued at $10.00." (D.I. 14,

6

Appellant's Br. in <u>Roane v. State</u>, No.45,2005, at Exh. A.) (D.I. 3; D.I. 15.)  Although not entirely clear, it appears to the Court that this claim is interrelated with Petitioner's claim that the trial court failed to instruct the jury in accordance with <u>Dixon v. State</u>, 673 A.2d 1220 (Del. 1996).  According to <u>Dixon</u>, a person is not guilty of robbery if he uses force while attempting to escape and he no longer has possession of the victim's property.  Petitioner appears to argue that there is a reasonable probability that the jury would not have convicted him of first degree robbery if counsel had objected to White's inconsistent statements regarding when the jeans were discovered.  According to Petitioner, the objection would have demonstrated that he did not have possession of the merchandise when he bit Casula's hand.

When Petitioner presented this claim to the Superior Court in his Rule 61 motion, he did not identify the name of the witness who made the inconsistent statements.  Rather, he generically alleged that counsel failed to object to the "victim's" prior inconsistent statement.  Given the fact that Petitioner bit Casula on the hand, the Superior Court interpreted the term "victim" as referring to Casula, not White.  However, on post-conviction appeal, Petitioner identified White as the source of the inconsistent statements.  As a result, the Delaware Supreme Court summarily dismissed the claim as procedurally

7

defaulted under Delaware Supreme Court Rule 8 because Petitioner had not presented the claim regarding White's statements to the Superior Court.  Roane, 2005 WL 2149409, at *1.

This Court has consistently held that the unambiguous application of Delaware Supreme Court Rule 8 constitutes an independent and adequate state ground precluding federal habeas review, absent a showing of cause and prejudice.  See Hubbard v. Carroll, 2003 WL 277252, at *3 (D. Del. Feb. 5, 2003); Maxion v. Snyder, 2001 WL 848601, at *10 (D. Del. July 27, 2001).  By applying Rule 8 to summarily deny Petitioner's claim regarding counsel's failure to object to White's statement, the Delaware Supreme Court plainly stated that its decision rested on state law grounds.  Thus, the Court is barred from reviewing the merits of Petitioner's first claim absent a showing of cause for the default, and prejudice resulting therefrom, or that a miscarriage of justice will occur if the claims are not reviewed.

Petitioner contends that cause for his procedural default exists because the Superior Court mistakenly interpreted the term "victim" as referring only to Casula.  Although Petitioner acknowledges that his initial Rule 61 motion used the generic term "victim" when referring to the inconsistent statements, rather than specifically naming the person who gave the

statements,[1] Petitioner contends that he filed a Supplemental Memorandum clarifying that the term "victim" referred to both Casula and White.

The Court cannot verify Petitioner's assertion that he attempted to clarify the meaning he attributed to the term "victim" because the record does not include a copy of Petitioner's "Supplemental Memorandum Reply" filed in his Rule 61 proceeding.  However, the record does contain a copy of Petitioner's brief in his appeal of the Superior Court's denial of the Rule 61 motion, and that appellate brief explicitly refers to White as the "witness" and Casula as the "victim."  (D.I. 14, Appellant's Brief, Roane v. State, No.45,2005, at 1(1)).  Because Petitioner referred to Casula as the victim even on appeal, the Court cannot fault the Superior Court for its interpretation of Petitioner's argument.  Accordingly, the Court concludes that Petitioner has not demonstrated cause sufficient to excuse his procedural default.

In the absence of cause, the Court will not address the issue of prejudice.[2]  Moreover, the miscarriage of justice

---

[1] Petitioner concedes that his initial Rule 61 motion stated that counsel provided ineffective assistance by failing to "investigate victim'[s] prior inconsistent statement, counsel failed to bring inconsistencies to attention of jury.  Victim'[s] statement made at police officers initial interview versus testimony at trial."  (D.I. 15, at 1.)

[2] Nevertheless, Petitioner cannot establish prejudice sufficient to excuse his default because, even if counsel had

9

exception to the procedural default doctrine does not excuse Petitioner's default, because he has not provided new reliable evidence of his actual innocence. Accordingly, the Court will dismiss Petitioner's claim that counsel provided ineffective assistance by failing to object to White's statement.[3]

### B.  Claim Two

In his second claim, Petitioner contends that counsel provided ineffective assistance because he did not object to the prosecutor's introduction of a predicate conviction offered to

---

objected to White's inconsistent statements, the evidence refutes Petitioner's claim that he "abandoned" the property before he bit Casula. Abandonment is defined as the "voluntary relinquishment of all right, title, claim and possession, with the intention of not reclaiming it . . . [i]ntention to forsake or relinquish the thing is an essential element, to be proved by visible acts." Black's Law Dictionary, 2 (5th ed. 1979). Here, however, the merchandise merely fell out from under Petitioner's jacket, and therefore, there was no voluntary relinquishment of the property by Petitioner.

[3]The Third Circuit recently issued a certificate of appealability to determine if Delaware Supreme Court Rule 8 constitutes an independent and adequate state procedural rule under the procedural default doctrine. If the application of Rule 8 does not indicate a state court's enforcement of a state procedural rule, then the Delaware Supreme Court's review of this claim for plain error would constitute an adjudication on the merits, and the Court would be required to review the claim under § 2254(d)(1). Even in this alternate circumstance, however, the Court would still deny the claim because Petitioner cannot satisfy the prejudice prong of Strickland v. Washington, 466 U.S. 668 (1984). As previously explained, the evidence refutes Petitioner's claim that he "abandoned" the property before he bit Casula. See supra, at note 2. Therefore, Petitioner cannot demonstrate a reasonable probability that the result of his trial would have been different even if counsel had objected to White's inconsistent statements.

establish Petitioner's habitual offender status under state law. On post-conviction appeal, the Delaware Supreme Court denied this claim as meritless. Therefore, the Court must review the claim under § 2254(d)(1).

The clearly established Supreme Court precedent governing ineffective assistance of counsel claims is the two-pronged standard enunciated by Strickland v. Washington, 466 U.S. 668 (1984) and its progeny. See Wiggins v. Smith, 539 U.S. 510 (2003). Under the first Strickland prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. Strickland, 466 U.S. at 688. Under the second Strickland prong, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different." Id. at 687-96. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." Id. at 688. Although not insurmountable, the Strickland standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." Strickland, 466 U.S. at 689.

Here, both the Superior Court and the Delaware Supreme Court correctly identified Strickland as the proper standard and analyzed the instant ineffective assistance of counsel claim

11

within its framework. Therefore, the Court concludes that the Delaware Supreme Court's denial of the instant claim was not contrary to Strickland. See Williams, 529 U.S. at 406.

The Court must also determine whether the state courts' analysis of the claim constituted an unreasonable application of Strickland. In Petitioner's case, the State filed an application to declare Petitioner an habitual offender under Delaware Code Ann. tit. 11, § 4214(a). Pursuant to § 4214(a), once a defendant is convicted of a fourth qualifying felony, he must be declared an habitual offender. Delaware Code Ann. tit. 11, § 4214(a). The State's application to declare Petitioner an habitual offender listed five predicate felonies, but one of those convictions turned out be a 1988 misdemeanor conviction and not a qualifying felony conviction. During the Rule 61 proceeding, counsel admitted that he did not object to the 1988 conviction as one of the predicate felonies because he mistakenly believed the 1988 conviction to be a felony conviction. Nevertheless, the Superior Court concluded that counsel's failure to object to the misdemeanor as one of the predicate felonies did not prejudice Petitioner because the application still listed four other qualifying felonies. The Superior Court also noted that it already declared Petitioner an habitual offender in another proceeding that occurred in 2000. The Delaware Supreme Court affirmed the Superior Court's judgment.

Based on this record, the Court concludes that objecting to the 1988 misdemeanor as one of the predicate felonies would not have changed Petitioner's status as an habitual offender. Not only did the State's application contain four other predicate felonies sufficient to qualify Petitioner as an habitual offender, but, the Superior Court could also have relied on its previous 2000 order establishing Petitioner's status as an habitual criminal without even conducting an habitual offender hearing upon Petitioner's conviction for first degree robbery. See Whiteman v. State, 784 A.2d 1082 (Table), 2001 WL 1329693, at **1 (Del. Oct. 23, 2001). Accordingly, the Court concludes that the Delaware state courts reasonably determined Petitioner did not establish the requisite prejudice under Strickland, and therefore, the Court will deny Petitioner's ineffective assistance of counsel claim.

### C. Claim Three

Petitioner next contends that the trial court erred in failing to instruct the jury under Dixon v. State, 673 A.2d 1220 (Del. 1996). Specifically, defense counsel requested the Superior Court to instruct the jury as follows:

> However, use of force in attempting to escape after abandoning stolen property, and without originally using force to obtain the property does not constitute robbery even though the use of force may constitute another crime such as assault or offense touching.

(D.I. 14, Appellant's Op. Br. in Roane v. State, No.454,2003, at

20.) Defense counsel requested this instruction to illustrate the defense theory that Petitioner did not use force upon Casula to overcome Casula's resistance to the taking of the merchandise, but rather, that Petitioner bit Casula after abandoning the stolen property in an attempt to escape.[4]  However, the Superior Court rejected the proposed <u>Dixon</u> instruction after finding no evidence that Petitioner abandoned the stolen property. (D.I. 14, Appellant's Brief in <u>Roane v. State</u>, No.45,2005 at Exh. C(12)).  The Superior Court did, however, instruct the jury on the lesser included offenses of Theft and Third Degree Assault.

On direct appeal, Petitioner challenged the Superior Court's refusal to give the requested <u>Dixon</u> instruction.  The Delaware Supreme Court found that Petitioner was not entitled to a <u>Dixon</u> instruction because he did not abandon all of the property before attempting to escape.  Because the Delaware Supreme Court denied Petitioner's claim on the merits, the Court must determine if the Delaware Supreme Court's denial warrants habeas relief under §

---

[4]Defense counsel's theory was premised on the wording of the Indictment, which provided, in relevant part:
> [Petitioner], on or about the 13th day of January 2003, . . . when in the course of committing theft, did threaten the immediate use of force upon James Casula with intent to prevent or overcome his resistance to the taking of property or to the retention immediately after the taking, said property consisting of store merchandise and while in immediate flight therefrom he caused physical injury to said person, who was not a participant in the crime.

(D.I. 14, App. to Appellant's Op. Br. in <u>Roane v. State</u>, No.454,2003, at A5.)

2254(d)(1).

Claims involving jury instructions in state criminal trials are matters of state law, and generally, such claims are only cognizable on federal habeas review if the instructions are so fundamentally unfair that they deprive the petitioner of a fair trial and due process. Henderson v. Kibbe, 431 U.S. 145, 154 (1977); See Engle v. Isaac, 456 U.S. 107 (1982); Estelle v. McGuire, 502 U.S. 62, 71-72 (1991)("[T]he fact that [an] instruction was allegedly incorrect under state law is not a basis for habeas relief."). Further, "[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law," and "the significance of the omission of [] an instruction may be evaluated by comparison with the instructions that were given." Id. at 155. Finally, a habeas petitioner challenging a state court jury instruction must "point to a federal requirement that jury instructions on the elements of an offense . . . must include particular provisions," or "demonstrate that the jury instructions deprived him of a defense which federal law provided to him." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997). Here, Petitioner does not identify any requirement under Federal or Constitutional law that a jury instruction pursuant to Dixon was required in his case, and he does not demonstrate that the lack of a Dixon instruction deprived him of a defense provided to him under Federal or

15

Constitutional law. Additionally, given Petitioner's failure to rebut the state courts' factual finding that Petitioner had not abandoned the merchandise, the Court concludes that the Delaware Supreme Court reasonably determined that <u>Dixon</u> did not apply to Petitioner's circumstances. Accordingly, the Court concludes that the absence of a <u>Dixon</u> instruction did not render Petitioner's proceeding fundamentally unfair, and therefore, the Court will deny Petitioner's claim regarding the failure to give jury instructions under <u>Dixon</u>.

### IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. <u>See</u> Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). Additionally, if a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the

denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  <u>Id.</u>

The Court has concluded that Petitioner's habeas claims do not warrant relief.  In the Court's view, reasonable jurists would not find this conclusion to be debatable.  Accordingly, the Court declines to issue a certificate of appealability.

## V.   CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied.

An appropriate Order will be entered.